# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 10-002V

Filed: February 6, 2013

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| PATRICIA MOYER, a single woman, | * | NOT TO BE PUBLISHED |
|  | * |  |
| Petitioner, | * | Special Master Zane |
|  | * |  |
| v. | * | Stipulation; Attorneys' Fees |
|  | * | and Costs |
|  | * |  |
| SECRETARY OF HEALTH | * |  |
| AND HUMAN SERVICES, | * |  |
|  | * |  |
| Respondent. | * |  |
|  | * |  |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Jay Ankur Bansal, Law Offices of Jay A. Bansal, Tempe, AZ*, for Petitioner;
*Julia Wernett McInerny,* United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On February 4, 2013, the parties in the above-captioned case filed a Stipulation of Attorneys' Fees and Costs (Stipulation) memorializing their agreement as to the appropriate amount of attorneys' fees and costs in this case. After informal discussions with Respondent, Petitioners request a total award of $ 37,572.75. In accordance with General Order #9, Petitioner's counsel represents that Petitioner incurred no personal litigation costs. In accordance with 42 U.S.C. § 300aa-15(e), the undersigned awards the amount to which Respondent does not object.

On January 4, 2010, Petitioner, Patricia Moyer, filed a petition seeking compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. § 300aa-10, *et seq.*, as amended ("the Vaccine Act"), alleging that she suffered from left hemisensory loss, paresthesia,

---

[1] The undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No.107-347, §205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. §3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party (1) that is trade secret or commercial or financial information and is privileged or confidential, or (2) that are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire ruling will be available to the public. Id.

1

thyroid issues, and chronic fatigue syndrome as a consequence of her receipt of the tetanus-diptheria ("Td") vaccine, which vaccine is contained in the Vaccine Injury Table, 42 C.F.R § 100.3(a), and which she received on or about April 23, 2007. Petitioner alleges that she experienced the residual effects of this injury for more than six months.

Although Respondent did not concede the claim, the parties, nonetheless, settled the matter, and an award of compensation was made. A decision awarding compensation based upon the parties' stipulation was entered on February 4, 2013. Because Petitioner has been awarded compensation, Petitioner is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). The undersigned also finds that the agreed upon amount of $37,572.75 in attorneys' fees and costs is reasonable based on the stage at which this matter was settled. Based on the request's reasonableness and pursuant to Vaccine Rule 13, the undersigned **GRANTS** the Petitioner's unopposed request as outlined in Petitioner's Petition for Attorneys Fees and Other Costs. The judgment shall reflect that Petitioner is awarded attorneys' fees and costs as follows:

> **in a check made payable jointly to Petitioner (Patricia Moyer) and Petitioner's counsel (Jay A. Bansal) in the amount of $37,572.75, representing attorneys' fees and costs.**

The Court thanks the parties for their cooperative efforts in resolving this matter. In the absence of a motion for review filed pursuant to RCFC, Appendix B, the Clerk is directed to enter judgment accordingly.[2]


       **IT IS SO ORDERED.**

/s/ Daria J. Zane\
Daria J. Zane\
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.